**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**LINDA A. SMITH,**

**Plaintiff,**

**vs.**

**MADISON MUTUAL INSURANCE CO.,**

**Defendant.**                                            **No. 05-CV-00142-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

## I.  <u>Introduction</u>

On February 25, 2005, Plaintiff Linda A. Smith filed a three-count complaint against Madison Mutual Insurance Company ("Madison Mutual") and Rick Shoger alleging violations of Title VII of the Civil Rights Act of 1964 (Count I), the Americans with Disabilities Act (Count II), and the Illinois Whistleblower Act (Count III) **(Doc. 1)**.[1]  Now before the Court is Madison Mutual's Motion to Dismiss Count III **(Doc. 11)**.  Smith opposes Madison Mutual's motion **(Doc. 18)**.  For the reasons set forth below, the Court grants Madison Mutual's motion to dismiss and dismisses Count III without prejudice and with leave to amend.

## II.  <u>Analysis</u>

Madison Mutual moves the Court to dismiss Count III of Smith's complaint

---

[1]The Court dismissed Defendant Rick Shoger from this suit **(Doc. 17, Mem. & Order dated June 20, 2005)**.

pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**.  In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff.  ***Szumny v. Am. Gen. Fin.*, 246 F.3d 1065, 1067 (7th Cir. 2001)**.  The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint.  ***Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996)**.  A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. ***Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000)**.

In support of its motion, Madison Mutual argues that Smith has failed to state a claim because she did not allege that her statements were given to a government or law enforcement agency as required by the Illinois Whistleblower Act, **740 ILCS 174/15**.[2]  Smith responds that she need only give notice of a violation of the Illinois Whistleblower Act under the federal pleading rules.  Smith further states that she "anticipates that factual details and discovery will show that a claim was made under [sic] the EEOC that another employee was sexually harassed by Madison Mutual and one of their [sic] employees.  This claim would have been made through the EEOC a federal agency and the investigation in which Linda Smith gave her statement would have taken place as a result." **(Doc. 18, Mem. In Opp. To Def. Madison Mutual Ins. Co.'s Motion**

---

[2]The Act provides in pertinent part: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." **740 ILCS 175/15**.

**to Dismiss Count III at p. 2**).  Smith argues that this factual detail need not be alleged in the Complaint.

Here, based on Smith's present allegations, the Court finds there is no way she can recover against Madison Mutual for retaliation under the Illinois Whistleblower Act.  While the Act prevents retaliation against an employee who disclosed information to a government or law enforcement agency, it does not protect an employee who disclosed information to her own company.  In her Complaint, Smith alleges that she "was interviewed by a lawyer working for Madison Mutual Insurance Company investigating the sexual harassment allegations" (**Doc. 1, Compl., Count III at ¶ 3**) and as a result of her candor she was fired (***Id.* at ¶¶ 4, 5**).  Thus, the problem is that Smith alleges factual details – she spoke to a company lawyer and was fired as a result of her statements –which push her claim outside the ambit of the Act.  In short, based on her present allegations, Smith has failed to state a claim under the Illinois Whistleblower Act.

### III.  Conclusion

In sum, the Court **GRANTS** Madison Mutual Insurance Company's motion to dismiss (**Doc. 11**) and **DISMISSES** Count III of Plaintiff's Complaint **without prejudice** and with leave to file an amended complaint.  Plaintiff must file her amended complaint by **Monday, July 25, 2005** in conformity with **LOCAL RULE 15.1**.

**IT IS SO ORDERED.**

Signed this 21st day of June, 2005.

/s/    David RHerndon
**United States District Judge**