## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LINDA A. SMITH,**

    **Plaintiff,**

**vs.**

**MADISON MUTUAL INSURANCE CO.,**

    **Defendant.**                                                                  **No. 05-CV-00142-DRH**

## ORDER

**HERNDON, District Judge:**

On September 21, 2005, upon being advised that the parties had agreed to settle the case, the Court entered an Order (Doc. 33) dismissing this case without prejudice, allowing the parties sixty days from the date of the Order to move to reopen the matter if settlement was not consummated. After sixty day period, the dismissal would then be with prejudice, with the Court retaining jurisdiction for the purpose of enforcing the settlement agreement. On October 6, 2005, within the sixty-day window, Defendant timely filed a Motion to Enforce Settlement (Doc. 34), fearing that settlement would not be consummated as it could not get Plaintiff's attorney to return its attorney's calls, nor had it received any response regarding the copy of the proposed settlement agreement sent to Plaintiff's attorney for review and comment. (Doc. 34.)

Plaintiff filed a response to Defendant's motion on October 11, 2005

(Doc. 35), explaining that "the parties have agreed to the language to be contained within the Release," and that Plaintiff expected the matter to be resolved "amicably in the near future." (Doc. 35.) Defendant thereafter filed its reply on October 19, 2005 (Doc. 36), joining in Plaintiff's belief that the matter would be shortly resolved, but additionally requesting the Court to keep the matter under advisement in case settlement was not consummated and the matter would therefore need to be reopened.

Accordingly, as Defendant's motion was timely made and both parties have expressed their willingness to cooperate in reaching a mutually agreeable settlement of this case, the Court hereby takes this matter **UNDER ADVISEMENT**. The Court further orders that Defendant has up and until Tuesday, January 3, 2006, in which to file a memorandum with this Court, advising as to the status of the settlement. If Defendant neglects to file such memorandum, the Court will thereby order Plaintiff's case to be dismissed with prejudice, but will continue to retain jurisdiction to enforce settlement.

    **IT IS SO ORDERED.**

    **Signed this 29th day of November, 2005.**

    /s/    David RHerndon
    **United States District Judge**